Reese, J.
delivered the opinion of the court.
Plaintiff in error was indicted and convicted in the Circuit Court for Roane county, for the offence of robbing from the person of Robert L. Phillips, the prosecutor, by violence, and putting him in fear of his life, or great bodily harm, a sum of money and a horse. Without detailing the iniquity and crimes of the plaintiff, which the record discloses, it is sufficient to state that on the trial the prosecutor swore, that he gave up the money to the prisoner, solely on the ground of prisoner’s threat *46 to prosecute him for having passed to prisoner a five dollar note, which prisoner alledged was counterfeit; and that he was not alarmed or afraid of violence at any time while with prisoner, or apprehended bodily danger or violence to his person.
The court charged the jury, “that if the prosecutor was put in fear of confinement in the penitentiary, so that he gave up the money or property to the defendant by reason of the defendant making falsely a threat to prosecute him for passing a counterfeit bank note, the punishment for which would be confinement in the Penitentiary, that the defendant would be guilty of robbery. But if the prosecutor actually passed to the defendant a counterfeit note, it would not be a robbery, but a mere compounding a felony, and they ought to acquit the defendant.” The principle of the charge in brief is that if one excites the fears of an innocent man by falsely charging him with the commission of a felony, the punishment for which is confinement in the Penitentiary, and threatens a criminal prosecution, and thus induces him to surrender money, or other valuable things to the person accusing and threatening, such person is guilty of robbery. This charge is erroneous. It has been settled, upon much consideration, by the judges of England in more than one case, that threatening to prosecute an innocent man for any crime whatever, except only the crimen innommatum, and by the fear arising from such threat, to compel the surrender of money or property, does not amount to robbery. /The fear constituting an element of the crime, is fear of present personal peril from violence offered or impending. The fear of being arraigned before those tribunals, whose function it is to protect and vindicate innocence, as well as to ascertain and punish crime, should not shake a firm mind of conscious rectitude so far from its propriety, as to induce the surrender of money or other valuable thing to the base accuser; and it is not the fear, except in the single instance indicated, which connects itself with the legal idea of robbery. The reasoning on which the single admitted exception is made to rest, turns upon the overwhelming and withering character of the charge and its damning infamy, so well calculated to unman and subdue the will and alarm the fears of the falsely accused. *47 It is evident that the courts of England felt, that even this exception looked extremely anomalous, and they strive, while permitting it to stand, to place it on ground unapproachable by any other case of fear of prosecution, as if determined, hereafter, it should have no associate in the offence of robbery.
Our statutes create no change in this respect. Indeed the definition of the offence therein, seems to have been made studiously, with a view to exclude the idea of any apprehension than that of bodily danger or impending peril to the person.
The judgment must be reversed, and a new trial awarded.